The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Gregory M. Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 47 years old with a date of birth of 24 December 1947. For her education plaintiff had earned her G.E.D. and had a two-year degree in business administration earned in July 1992. For her work history, plaintiff had worked on her family farm and had begun working for defendant in about 1979 in a job with clerical duties.
2. On 9 November 1989 plaintiff sustained an admittedly compensable injury by accident. The accident occurred when plaintiff was moving files and felt low back pain. As a result of this accident, plaintiff sustained a strain of her lower back. After the accident, plaintiff as involved in four motor vehicle accidents, in 1989, 1990, 1991 and 1992. In the motor vehicle accidents, plaintiff sustained mostly injuries to her neck, involving whiplash-type injuries.
3. One year after her accident, on 13 November 1990, plaintiff was examined by Dr. Kenneth Rich, a neurosurgeon. Dr. Rich ordered a MRI; and the results of the MRI were within normal limits, with no stenosis of the spine. Plaintiff was not a candidate for surgery; and therefore, on 29 November 1990 Dr. Rich released her from his care, to return on an as-needed basis.
4. On 19 February 1991 plaintiff was involved in a motor vehicle accident. At the time of the motor vehicle accident, plaintiff already had an appointment to return to Dr. Rich on 26 February 1991, three months after her last examination. At this examination, plaintiff reported cervical pain, which she had not experienced after her accident at work; and she reported increased low back pain. Dr. Rich kept plaintiff out of work for a month and released her to return to work on 25 March 1991 with no restrictions.
5. In March 1991 plaintiff reached maximum medical improvement from her accident at work, which had been sixteen months earlier. At this time due to the accident of 9 November 1989, plaintiff retained a five percent permanent partial impairment to the use of her back. Defendant paid plaintiff appropriate compensation for her permanent partial impairment. The last compensation was paid on 24 September 1991. At the time plaintiff reached maximum medical improvement, plaintiff would be expected in the future to have "ups and downs" of some pain; and this was part of the reason for Dr. Rich's permanent partial impairment rating.
6. Plaintiff returned to work on 25 March 1991. Plaintiff performed her regular job for about four months, and on 1 August 1991 she was transferred to a different department. Plaintiff performed her second job for about a year, from 1 August 1991 through 27 August 1992. In July 1992 plaintiff was involved in another motor vehicle accident. She was on sick leave for part of August 1992, and her last day at work was 27 August 1992. Plaintiff returned to work one year later on 30 August 1993 and worked for three hours. Other than the three hours in August 1993, plaintiff has not sought any gainful employment since August 1992; and at the time of the hearing, plaintiff was collecting Social Security disability compensation. It is plaintiff's position that she is permanently and totally disabled and will never work again due to her back strain in 1989.
7. Since March 1991 when plaintiff reached maximum medical improvement, plaintiff has not undergone a substantial change of her physical condition. This finding is based on the opinion of Dr. Rich who treated plaintiff for her accident and was of the opinion that her condition had not changed. Dr. Maier testified for the plaintiff; and he stated that he could not tell from her medical records that plaintiff had a change of condition, he would have to rely only on plaintiff's statements to him that her condition had worsened.
8. At the time of the hearing, plaintiff claimed to be in severe and continuous pain in every part of her body. Plaintiff claimed that she was unable to perform any substantial activity and that on occasions she was paralyzed from the waist down. Plaintiff has undergone a myelogram and an MRI, and the results of both were within normal limits. Plaintiff has complained of pain and numbness in a non-anatomical distribution. Dr. Rich could find no objective support for plaintiff's claims; for example, plaintiff claimed numbness above her knee which is a pattern not followed by any specific nerves. Dr. Maier was of the opinion that plaintiff exaggerated her symptoms, for example, four of five Waddell signs were positive; and the results of a straight leg raising test were positive in a supine position, but negative in a sitting position. Although Dr. Maier was of the opinion that plaintiff was exaggerating her problems, he was also of the opinion that plaintiff was experiencing real pain.
9. For any medical treatment plaintiff has received since March 1991, there is insufficient evidence of record from which the undersigned can determine from its greater weight that said medical treatment was made necessary as a result of the injury by accident of 9 November 1989, in order to effect a cure, to provide relief, or to lessen any period of time during which plaintiff was unable to be gainfully employed. This finding is based upon the lack of objective evidence to support plaintiff's claim, on plaintiff's exaggeration of her symptoms, and on the fact that there were intervening motor vehicle accidents.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. On 9 November 1989 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, in that she injured her back as a result of a specific traumatic incident while performing her assigned work duties. Stipulation and N.C. Gen. Stat. § 97-2 (6).
2. Since receiving her last compensation check on 24 September 1991, plaintiff has not undergone a substantial change of physical condition which would warrant a review by the Industrial Commission of any previous award. N.C. Gen. Stat. §97-47.
3. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of the injury by accident of 9 March 1989. Said medical treatment shall not include any treatment plaintiff has received since 25 March 1991. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Plaintiff's claim for additional compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Defendant shall pay all medical expenses incurred, or to be incurred, as a result of the injury by accident of 9 November 1989. Said medical treatment shall not include any treatment plaintiff has received since 25 March 1991.
3. Each side shall pay its own costs, except that defendants shall pay an expert witness fee in the amount of $300.00 to Dr. Rich and $300.00 to Dr. Maier, to the extent such fees are not already paid.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
DCS:bjp